TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-617 |
| of | : | |
| | : | June 19, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE WILLIAM J. KNIGHT, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

May the President of a California State University discontinue the Reserve Officers' Training Corps program from the university's curriculum based upon the difference between the United States military policy and university policy respecting discrimination on the basis of sexual orientation?

CONCLUSION

The President of a California State University may discontinue the Reserve Officers' Training Corps program from the university's curriculum by giving one year's prior notice, regardless of the basis for the termination.

ANALYSIS

The Reserve Officers' Training Corps ("ROTC") program in a "host" educational institution encompasses classroom instruction in military science as well as military training for student cadets. The objectives of the ROTC program are to attract, motivate, and prepare students to serve as commissioned officers in the army, navy, air force, or marine corps, both regular and reserve forces; understand the concepts and principles of military art and science; develop potential to lead and manage; understand other professions; develop integrity, honor, and responsibility; and to appreciate the need for national security. (See 32 C.F.R. § 562.4.)

1. 95-617

The question presented for resolution is whether a President of a California State University may discontinue an ROTC program from the university's curriculum because of a difference between the United States military policy and university policy respecting discrimination on the basis of sexual orientation. We conclude that under federal law, a university president has the contractual right to unilaterally terminate an ROTC program by giving one year's notice, regardless of the basis for the termination.

Preliminarily, we note that the relative validity or merit of either policy is not in question.[1] The federal policy (10 U.S.C. § 654) is commonly referred to as the "don't ask, don't tell" rule. The university policy prohibits discrimination "on the basis of age, ethnicity, religion, sexual orientation, marital status . . . ." (Cal. State University Catalog, Appen. II; see also Exec. Order 340 (1981).)

Also, it may be assumed that the university president will follow whatever university procedural requirements would be applicable in discontinuing the ROTC program, e.g., consulting with the chancellor or faculty members. (See Cal. Code Regs., tit. 5, §§ 40103, 42701.) We are not asked to examine whether, and it will be assumed that, the university president is authorized to establish by contract or to disestablish by contractual nonrenewal an ROTC program.[2]

Whether a state policy is preempted by federal law depends upon congressional intent or statutory language. In *Louisiana Public Service Comm'n* v. *FCC* (1986) 476 U.S. 355, 368-369, the court explained:

"The Supremacy Clause of Art. VI of the Constitution provides Congress with the power to pre-empt state law. Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, *Jones* v. *Rath Packing Co.*, 430 U. S. 519 (1977), when there is outright or actual conflict between federal and state law, *e.g.*, *Free* v. *Bland*, 369 U. S. 663 (1962), where compliance with both federal and state law is in effect physically impossible, *Florida Line & Avocado Growers, Inc.* v. *Paul*, 373 U. S. 132 (1963), where there is implicit in federal law a barrier to state regulation, *Shaw* v. *Delta Air Lines, Inc.*, 463 U.S. 85 (1983), where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law, *Rice* v. *Santa Fe Elevator Corp.*, 331 U. S. 218 (1947), or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. *Hines* v. *Davidowitz*, 312 U. S. 52 (1941). Pre-emption may result not only from action taken by Congress itself; a federal agency acting within the scope of its congressionally delegated authority may pre-empt state regulation. *Fidelity Federal Savings & Loan*

---

[1]Several lawsuits are pending with respect to various aspects of the federal policy.

[2]The public policy of the state does not require the establishment, continuation, or disestablishment of an ROTC program on a university's campus. (Ed. Code, § 67600.)

*Assn.* v. *De la Cuesta*, 458 U. S. 141 (1982); *Capital Cities Cable, Inc.* v. *Crisp*, 467 U. S. 691 (1984)."[3]

In applying these various principles of federal preemption to the instant matter, we first note that the status of an ROTC program arises by virtue of a contract between a branch of the military and a host educational institution in developing a cooperative relationship. (See 32 C.F.R. § 562.5.) Federal law provides:

"(a) For the purpose of preparing selected students for commissioned service in the Army, Navy, Air Force, or Marine Corps, the Secretary of each military department, under regulations prescribed by the President, may establish and maintain a Senior Reserve Officers' Training Corps program, organized into one or more units, at any accredited civilian educational institution authorized to grant baccalaureate degrees, and at any school essentially military that does not confer baccalaureate degrees, upon the request of the authorities at that institution.

"(b) No unit may be established or maintained at an institution unless-

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) the institution fulfills the terms of its agreement with the Secretary of the military department concerned; and

"(3) the institution adopts, as a part of its curriculum, a four-year course of military instruction or a two-year course of advanced training of military instruction, or both, which the Secretary of the military department concerned prescribes and conducts." (10 U.S.C. § 2102.)

Hence, under the terms of federal law, an ROTC program may be established and maintained only "upon the request of the authorities at that institution." Further, no cause or basis is required or needed for the termination of an agreement. A typical agreement, and in particular the agreement under consideration herein, provides that it "may be terminated at the completion of any school year by either party, by giving at least 1-year's notice, or sooner by mutual agreement."

Federal policy is thus clear. The ROTC program on a university's campus is voluntary, not a mandated or required program. Either the university or the military branch may terminate the

---

[3] The supremacy clause provides as follows:

"This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby; anything in the Constitution or laws of any state to the contrary notwithstanding." (U.S. Const., art. VI, cl. 2.)

program at any time by giving one year's prior notice.  Just as the university may terminate an ROTC program based upon a difference in policy, so also may the military branch involved.[4]

Here, we do not have a conflict between a federal law and a state law.  Rather, a university president is contemplating the exercise of a contractual right given him by the federal government.  With respect to termination of an ROTC program, Congress has ordained that the program be voluntary.  Just as we cannot rewrite federal law, we cannot rewrite a federal contract to eliminate a university's right to discontinue the program after giving one year's notice.

It is concluded that the President of a California State University may discontinue the ROTC program from the university's curriculum by giving one year's prior notice, regardless of the basis for the termination.

\* \* \* \* \*

---

[4]Other policy differences between the military service and the university may exist, for example with respect to discrimination based upon age or disability.